**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4360**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

KEITH J. POWELL,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:08-cr-00015-1)

Submitted: December 17, 2020               Decided: December 21, 2020

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Julie Marie White, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith J. Powell appeals the district court's judgment revoking his supervised release and sentencing him to 6 months' imprisonment and 3 years of supervised release. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Powell's sentence was plainly unreasonable. The Government did not file a response brief, and Powell, although notified of his right to do so, did not file a pro se supplemental brief. Finding no error, we affirm.[*]

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, the court first determines whether the sentence is procedurally or substantively unreasonable. *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnotes and citation omitted); *see* 18 U.S.C. § 3583(c) (listing § 3553(a) factors relevant

---

[*] Although not raised by the parties, we note that we have jurisdiction to conduct a review pursuant to *Anders* because, even though Powell has completed his term of imprisonment, he is currently still serving a term of supervised release. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

2

to revocation sentences). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal brackets and quotation marks omitted).

We find no unreasonableness, plain or otherwise, in Powell's 6-month sentence. The district court properly calculated Powell's policy statement range of 8 to 14 months, based on his Grade B violation and his criminal history category of III, U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2019) (revocation table). The court heard the parties' arguments and afforded Powell an opportunity to allocute, which he declined. In fashioning the sentence, the court adopted counsel's recommendation that Powell serve a portion of his supervised release at a halfway house. Although the court's explanation for the sentence was brief, the court stated that it considered the 18 U.S.C. § 3553(a) factors and applicable policy statements. The court noted that the imposed sentence accounted for Powell's history and characteristics and was sufficient to sanction Powell for his breach of trust, to afford adequate deterrence, and to protect the public. There is no evidence in the record to rebut the presumption of reasonableness or indicate that the sentence was unreasonable, much less plainly so. *See United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (applying presumptive reasonableness standard to revocation proceedings).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Powell, in writing, of his right to petition the Supreme Court of the United States for further review. If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

3

move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4